GULOTTA, Judge.
Defendant, the disability insurer under a group policy with plaintiff’s employer, Bernard Lumber Company, appeals from a judgment awarding disability payments, penalties, attorney’s fees and interest.
Although belatedly[1] tendering to plaintiff the accumulated amount of the monthly designated disability payment under the policy, defendant contends that the trial judge erroneously awarded statutory penalties and attorney’s fees. According to defendant, because plaintiff failed to produce medical evidence from the treating physician to support his claim that the disability commenced subsequent to the effective date of the policy; and because plaintiff failed to submit medical evidence from the treating physician that a disability did, in fact, exist; and because plaintiff refused to acknowledge defendant’s entitlement to reimbursement for workmen compensation received or awarded to plaintiff as provided in the disability policy, defendant contends the delay encountered in the processing of plaintiff’s claim was reasonable.
Defendant further argues, in seeking to be exonerated from the payment of penalties and attorney’s fees, that because the policy states that it was “delivered in Mississippi and is governed by it’s laws” the trial judge erroneously applied the Louisiana Revised Statute R.S. 22:657(A)[2] as a *358 basis for awarding penalties and attorney’s fees.
Defendant claims also the trial judge erred in ordering disability payments without deducting for workmen’s compensation benefits (in contravention of the provisions of the policy) when plaintiff had been awarded workmen’s compensation benefits which judgment was on appeal.
Finally, defendant contends the trial judge erred in awarding interest on each past monthly disability payment from its due date until payment was tendered (in August 1977) and also erred in awarding interest on penalties since plaintiff had not prayed for such interest.
Considering defendant’s contentions as presented, we find no merit to the claim that the delay for the tender of the disability payments was reasonable. Plaintiff’s attorney testified that *he attached to a November 10, 1976 letter to the insured the completed claim forms, together with the completed medical report from the treating physician. That report establishes the disability as of June 16, 1976 with a date of treatment commencing in the latter part of 1974. As early as January 17, 1977 the defendant insurer was furnished by its insured a copy of plaintiff’s attending physician’s report.
Although defendant claims it had not been furnished with a copy of the report in the attorney’s November 10th letter, they were clearly aware of and had in their possession, a copy of that report by January 17, 1977. Despite defendant’s claim of lack of cooperation on the part of plaintiff’s physician by his failure to respond to repeated requests for information and that this caused the delay in processing the claim, defendant made no attempt to have an examination made of plaintiff by its own physicians.
Furthermore, in the deposition of plaintiff’s attending physician taken as late as June 30, 1977, the doctor reiterated information contained in the earlier report, which was in the possession of defendant. The doctor further added in that deposition that a report had been furnished to defendant on January 27, 1975 setting forth that plaintiff had undergone surgery of the back on November 23, 1974 for a herniated disc. This report was furnished to defendant in connection with a disability claim made by plaintiff in 1974 for which payments were made by defendant. Clearly, information relating to plaintiff’s back problems resulting in his ultimate disability was in possession of defendant in 1974. Although plaintiff testified he received benefits from defendant in 1974 as a result of a disability at that time, the senior group claims examiner for defendant stated that she was not aware that the defendant paid benefits in 1974 to the plaintiff.
In view of the fact that defendant had in its possession the medical report from plaintiff’s attending physician as early as November 1976 and either had knowledge of or was charged with knowledge of plaintiff’s back operation and disability payments in 1974, we conclude, as did the trial judge, that a defense based upon plaintiff’s failure to furnish medical support of his claim, is without merit.
We further find no merit to defendant’s contention that because of plaintiff’s failure to acknowledge defendant’s right to reimbursement for any workmen’s compensation received, defendant’s delay in making disability payments was reasonable. The policy clearly provides for a reduction in the disability payment by the amount of compensation which the employee receives; *359 nevertheless, no sound reason exists for defendant to have withheld payment of the difference between the monthly disability payment and plaintiff’s monthly entitlement to workmen’s compensation. Under the policy provisions plaintiff was entitled to receive $689.00 per month. Plaintiff’s entitlement to workmen’s compensation amounted to approximately $384.00 per month, based on a weekly payment of $85.00. Despite the dispute surrounding plaintiff’s failure to acknowledge reimbursement, defendant had the clear responsibility of making payments of the monthly difference after having been placed on notice, in November 1976, of the disability.
The judgment fails to allow defendant credit for the workmen’s compensation benefits awarded to plaintiff. However, plaintiff acknowledges that because the litigated claim for compensation benefits has now resulted in a final judgment[3] awarding benefits, defendant is entitled to a credit and the trial court’s judgment in this case should be amended to reflect that credit.
We reject defendant’s further contention that because the policy states that it “is delivered in Mississippi and is governed by its laws” Louisiana statutory penalties and attorney’s fees are inapplicable. In our case defendant, Mutual Benefit, a New Jersey company, issued the master policy to the Trustees of the Biddle Purchasing Company (a multiple employers’ insurance trust, headquartered in Mississippi and administered by Whitney Associates.) The plaintiff’s employer, Bernard Lumber Company, a Louisiana based company, is a participant in the trust’s group insurance coverage. The plaintiff resides and was employed in Louisiana, and more importantly, he sustained his disability during his Louisiana employment.
Furthermore, plaintiff was presumably “issued” only a certificate [4] under the Master Policy by his Louisiana employer and in Louisiana indicating his group long term disability coverage with Mutual. There exists no evidence that this certificate had any reference to the fact that plaintiff would be bound by Mississippi law, nor that he was informed that he could exercise rights only under Mississippi laws.
In Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978) Louisiana members of an overseas tour group filed a breach of contract suit in a Louisiana court. Defendant claimed that the language of the travel brochure sent to plaintiffs stated that any claims which may arise under the agreement shall be settled by arbitration in the State of Minnesota. The Supreme Court in rejecting defendant’s argument stated:
. there is no evidence in the record that plaintiffs ever read the brochure, had terms in the brochure pointed out to them or brought to their attention, or in any way agreed to the arbitration clause contained in the brochure.”
In our case, when we consider that plaintiff, a Louisiana resident, was injured in this state while employed by a Louisiana employer, together with defendant’s failure to show that plaintiff had any knowledge of the exclusive application of Mississippi law, we conclude that the Louisiana statute on penalties and attorney’s fees is applicable.
We find no error in the judgment awarding interest on each past disability payment from its due date until defendant commenced payments in August 1977. Plaintiff’s salary was paid through August 31, 1976 and disability payments became due on September 1, 1976. Civil Code article 1938 provides:
“All debts shall bear interest at the rate of seven [7%] per centum per annum from the time they become due, unless otherwise stipulated.”
*360 See also Calhoun v. Louisiana Materials Co., 206 So.2d 147 (La.App. 4th Cir., 1968), writs denied, 251 La. 1050, 208 So.2d 324 (1968) where this Court stated “interest is recoverable on claims arising ex contractu from the time they become due;” and Messina v. Koch Industries, Inc., 267 So.2d 221 (La. App. 4th Cir., 1972), affirmed 283 So.2d 204 (La.1973).
We find no error, further, in the trial judge’s award of interest on penalties from date of judicial demand. We reject defendant’s argument that the plaintiff had not prayed for such interest. The prayer reads, in pertinent part, “. . . petitioner further prays that interest be assessed on all past due payments and that penalties, interest and attorney’s fees be assessed . . ” Our interpretation of the plaintiff’s prayer is that interest on penalties was sought and prayed for.
Consistent with the foregoing, the judgment in favor of plaintiff is amended to allow defendant a credit for the amount of the compensation benefits awarded to plaintiff, together with a credit for the amount of payments made. Penalties are to be paid to plaintiff for double the amount of disability benefits due (after a credit is given for the amount of workmen’s compensation payments awarded) from December 10, 1976 through August 15, 1977.[5] As amended the judgment is affirmed.

AMENDED AND AFFIRMED.

. Plaintiff became disabled on June 16, 1976. Claim was made by plaintiff’s attorney for disability payments under the policy on October 4, 1976. Supporting claim forms and medical report from the treating physician was submitted to the insurer on November 10, 1976. The accumulated disability payments were not tendered until August 16, 1977.

. LSA-R.S. 22:657(A) reads as follows:
“§ 657. Payments of claims; health and accident policies; penalties
A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would
*358 put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.”

. See Scanlan v. Bernard Lbr. Co., Inc., 365 So.2d 39 (La.App. 4th Cir., 1978). The workmen’s compensation judgment rendered July 14, 1977 and affirmed by this court November 8, 1978, awarded plaintiff total disability benefits in the amount of $85.00 per week beginning June 16, 1976 and continuing indefinitely.

. This certificate, submitted into evidence, was allegedly issued to all insured employees of Bernard Lumber Company indicating that coverage was provided by Mutual under a group policy No. G.1580-5.

. Defendant was placed on notice of plaintiff’s disability on November 10, 1976 and R.S. 22:657 provides that all claims shall be paid not more than 30 days from the date of notice and proof of the claim. The statute further provides that the penalties are payable during the period of the delay. The delay extended from December 10, 1976 (30 days after notice) and continued until the defendant tendered the first payment on August 16, 1977.