386 So.2d 697 (1980)
Floyd W. LOPEZ, Plaintiff-Appellee,
v.
BLUE CROSS OF LOUISIANA, Defendant-Appellant.
No. 7702.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
Rehearing Denied August 22, 1980.
*698 Brittain & Williams by Joe Payne Williams, Natchitoches, for defendant-appellant.
Davis & Simmons, Kenneth N. Simmons, Many, for plaintiff-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
This appeal comes to us from a judgment in favor of plaintiff, awarding him insurance benefits for his wife's hospitalization, attorney's fees and penalties.
Plaintiff is a federal employee stationed in Louisiana. The Federal Employees Health Benefits program is established by federal law. The United States Civil Service Commission is given the authority to implement the program by contracting with qualified health insurance carriers. Defendant, through the National Blue Cross Association, contracted with the Civil Service Commission to provide health insurance to federal employees in Louisiana such as plaintiff.
Plaintiff's wife was admitted to the hospital on her physician's orders on January 16, 1978, was transferred to another hospital on February 13, 1978 and was discharged on February 20, 1978. Defendant paid a small portion of the hospital bills and doctors' fees leaving a balance of $3,960.86. Defendant refused to pay the aforesaid balance on the ground that the expenses incurred were not "medically necessary" and therefore not payable under the following clause contained in the policy, to-wit:
Basic and Supplemental Benefits are NOT (sic) provided for the following types of hospital admissions or portions of admissionsNot medically necessary....
Plaintiff filed this suit for the remaining $3,960.86 plus penalties and attorney's fees alleging that defendant was arbitrary and capricious in failing to pay benefits. The trial court rendered judgment for the above sum including a penalty of 100% of the amount due and $3,000 in attorney's fees.
Appellant urges that we reverse the trial judge's decision based on three grounds:
1) the insurance contract in question is not subject to Louisiana law;
2) the contract clearly and unambiguously excludes the hospitalization in question;
3) the penalty, if any penalty should be assessed, should be 12% instead of 100%.
Plaintiff answered the appeal and asked for an increase in attorney's fees.
Appellant's first argument is that the provisions of the health benefit program supersede any inconsistent State law. Appellant quotes the following language in support of that argument:
"The provisions of a contract under this chapter, which relate to the nature of extent of coverage or benefits (including *699 payment with respect to benefits) shall supersede and preempt any State or Local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions."[1]
This paragraph was enacted into law by Public Law 95-368, effective September 17, 1978. To affect the contract and hospitalization in question, we would have to determine whether the act should be applied retroactively. However, we do not reach that question since we hold that the Louisiana insurance law is not inconsistent with the provisions of the health benefit program.
The contract is between plaintiff, a Louisiana resident, and defendant, a Louisiana insurer. The federal government is neither the insurer under its contract with Blue Cross nor the insurer of plaintiff's health benefits. Clearly the contract between the Civil Service Commission and Blue Cross grants Blue Cross the franchise to contract with the federal employees for health insurance. The insurance contract was delivered in Louisiana and is between a Louisiana resident and an insurance company with offices in Louisiana. Based on these factors, we conclude that the Louisiana statute is applicable. Scanlan v. Mutual Benefit Life Insurance Company, 371 So.2d 356 (La. App. 4th Cir. 1979).
Appellant's second argument is that, under the terms of the policy, benefits were not due. Appellant also argues that it was not arbitrary and capricious in denying benefits if benefits were actually due. These questions are factual in nature and therefore must be reviewed under the standard of review enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973), and Arceneaux v. Dominigue, 365 So.2d 1330 (La. 1978), the factual determinations of the trier of fact should not be disturbed unless clearly wrong. We have carefully reviewed the record in this matter. We find no error in the trial judge's ruling that the hospitalization was medically necessary.
We do not agree that appellant was arbitrary and capricious. Appellant has limited its liability by the following language:
Basic and Supplemental Benefits are NOT (sic) provided for the following types of hospital admissions or portions of admissionsNot medically necessaryi. e., when in the judgment of the Carrier the medical services did not require the acute hospital bedpatient (overnight) setting, but could have been provided in a physician's office, the outpatient department of a hospital, or in a lesser facility without adversely affecting the patient's condition or the quality of medical care rendered.
Appellee argues that this clause is against public policy as giving "the sole authority as to whether or not a particular claim is covered under the policy of insurance would be the insurance company."
We do not strike the exclusion as contrary to public policy. No argument has been made that it is contrary to public policy to exclude coverage for unnecessary hospital admissions. Our law is clear that an insurer may limit its liability just as any individual may. Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La. 1974); Livingston Parish School Board v. Fireman's Fund Am. Ins. Co., 282 So.2d 478 (La.1973); Stacy v. Petty, 362 So.2d 810 (La.App. 3rd Cir. 1978).
The difficulty arises from the stipulation that the "judgment of the Carrier" controls. We interpret that phrase as expressing the practice and policy of all insurers a claim for coverage will be reviewed and paid if, in the insurer's opinion, it is a covered occurrence or expense. We hold that, as with other insurers, the review and denial of claims under this exclusion is subject to judicial review by the courts of this state. Therefore, the insurer is not the sole authority.
After careful review of the record, we note that the insurer obtained the medical records of plaintiff's wife and had them *700 reviewed by its staff. Based on the opinion of its physician-advisor, insurer denied the claim. The insurer was under an obligation to determine by an honest and sincere effort whether plaintiff's hospitalization was medically necessary. The record reflects that the defendant's procedure for making that determination was followed in this case. After proper evaluation of the doctors' and hospital records, it concluded that plaintiff's hospitalization was not medically necessary. The defendant did not make an arbitrary or capricious decision. Therefore, we hold that the trial court was clearly wrong in awarding attorney's fees and penalties.
Since we reverse the award of attorney's fees and penalties, we do not reach the issue of what the proper penalty should be.
For the above and foregoing reasons, the judgment of the trial court is reversed so far as it awards attorney's fees and penalties and is affirmed in all other respects. Costs of this appeal are assessed one-half to appellant, one-half to appellee.
AFFIRMED IN PART, REVERSED IN PART.
GUIDRY, J., concurs in the result.
NOTES
[1] 5 U.S.C. 8902(m)(1)