397 So.2d 1343 (1981)
Floyd W. LOPEZ
v.
BLUE CROSS OF LOUISIANA.
No. 80-C-1953.
Supreme Court of Louisiana.
April 6, 1981.
Rehearing Denied May 18, 1981.
Kenneth N. Simmons, of Davis & Simmons, Many, for plaintiff-applicant.
Joe Payne Williams, of Brittain & Williams, Natchitoches, for defendant-respondents.
DENNIS, Justice.
The issue in this case is whether the insurance company had just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard against an unjust claim, in denying the insured's hospitalization expense claim because there was no medical necessity for the confinement.
The plaintiff, Floyd W. Lopez, had a hospitalization policy of insurance with defendant, Blue Cross of Louisiana, which covered plaintiff and his wife, June Lopez, for the payment of hospitalization benefits and for doctors' expenses.
Mrs. Lopez was hospitalized at Brentwood Hospital, Inc. in Shreveport, from January 16, 1978 until February 13, 1978 and was treated for depressive mental neurosis *1344 during this time. Her hospital bills were $2,888.31 and doctors' bills were $615.00. She was transferred to Schumpert Memorial Hospital in Shreveport on February 13, 1978 and remained there until February 20, 1978, incurring $597.15 additional hospitalization expenses.
Blue Cross refused to pay all but $139.00 of plaintiff's claims based on these hospitalization expenses. Plaintiff sued the insurer for the unpaid balance, penalties and attorney's fees.
Dr. Andrew J. Mullen, a psychiatrist, was Mrs. Lopez's attending physician, and testified in great detail about his examination and treatment of Mrs. Lopez. He testified that, in his opinion, Mrs. Lopez needed hospitalization to treat her condition of depressive neurosis.
Dr. Richard B. Langford, who testified for the defendant, said that he had treated Mrs. Lopez prior to the episode of her hospitalization, and that while he did not see her during her stay in Brentwood, and accordingly could not testify in that respect, he did treat her from February 13, 1978 through February 20, 1978, during her stay at Schumpert. The trial judge found that Dr. Langford was evasive and equivocal as to some of the questions propounded to him, but noted that the doctor conceded that during the time she was in Schumpert, and he was treating her, "... she was not ready to be discharged." Dr. Langford also testified that Dr. Mullen saw Mrs. Lopez at least once while she was in Schumpert and on that occasion made recommendations as to medicine for her emotional illness.
The trial court found that the hospitalization of Mrs. Lopez was necessary as ordered by her attending physicians, and that the refusal of Blue Cross of Louisiana to pay her medical expenses, all of which are covered under the terms of the policy, was arbitrary and capricious. The trial judge noted that, although the defendant's doctors spoke in glowing terms of Dr. Mullen, Blue Cross took the position that Mrs. Lopez's hospitalization was unnecessary from a mere reading of the records, and without seeing or examining Mrs. Lopez, and for no good reason that the company could give.
The trial judge found that defendant's refusal to pay under the circumstances, according to the provisions of La.R.S. 22:657, subjects defendant to a penalty payable to Mr. Lopez of double the amount of the benefits sued for, i. e., $3,960.86, plus interest as provided by law from judicial demand, and all costs of court, including expert witness fees, fixed at $50.00 for Dr. Richard B. Langford and $125.00 for Dr. Andrew J. Mullen. In addition, the trial judge found that Mr. Lopez was entitled to attorney's fees in the sum of $3,000.00.
Blue Cross appealed to the court of appeal which affirmed in part and reversed in part, finding no error in the trial judge's ruling that the hospitalization was medically necessary, but holding that the trial court was clearly wrong in awarding attorney's fees and penalties because Blue Cross did not make an arbitrary or capricious decision. 386 So.2d 697. We granted certiorari to review the reversal of the trial court's award of penalties and attorney's fees.
Whether plaintiff is entitled to recover penalties and attorney's fees in this case is governed by La.R.S. 22:657(A) which, in pertinent part, provides:
"All claims arising under the terms of health and accident contracts issued in this state, ... shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist .... Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court ...."
The statutory language is clear and unambiguous. Whenever a claim is properly presented under a health and accident contract, it must be paid within 30 days, unless *1345 just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard that the claim is unjust, exist. The statute was evidently enacted to effect a speedy collection of just claims without diminution and without unnecessary delay and expense.
Applying this rule to the facts of this case, we conclude that the insurer's failure to pay the plaintiff's properly filed claim within 30 days was without just and reasonable grounds because the company had no information which would have placed a reasonable and prudent businessman on his guard that the claim was unjust. The defendant's staff physician testified that coverage was disavowed because the hospital records which were sent to him, along with letters from two different doctors who certified that Mrs. Lopez's hospitalization was required, did not contain certain details sufficient according to company guidelines to establish the medial necessity of the hospital admission. Another defense witness, a physician consulted after suit was filed, only added his opinion that according to the guidelines the record submitted did not establish a recoverable claim. These same guidelines, however, were never made available to either the treating physician or the insured; indeed, there is no indication that either was even aware such guidelines existed. Moreover, the claim was denied without any attempt to request additional information from Mrs. Lopez's physician. Testimony by both defense witnesses acknowledged that evaluation of a patient is best done by the treating physician rather than another physician who studies records only and never sees the patient. Both witnesses further testified that they knew Mrs. Lopez's physician and had a high opinion of his professional competence. We conclude that the insurer could not have been reasonably put on its guard against an unjust claim on the basis of this evidence.
Blue Cross contends that it was entitled to rely upon the language of its policy which provides:
"Basic and Supplemental Benefits are NOT [sic] provided for the following types of hospital admissions or portions of admissionsNot medically necessaryi. e., when in the judgment of the Carrier the medical services did not require the acute hospital bedpatient (overnight) setting, but could have been provided in a physician's office, the outpatient department of a hospital, or in a lesser facility without adversely affecting the patient's condition or the quality of medical care rendered."
Defendant does not make clear, however, exactly how this policy provision would enable it to avoid payment of a penalty in this case. If its contention is that the policy provision supersedes the commandment of the penalty statute, the argument is rejected. The statute clearly was enacted for the preservation of public order and good morals, and the parties to the insurance policy could not by contract derogate from the force of such a law. La.C.C. art. 11. See A. Yiannopoulos, Louisiana Civil Law System, § 42 (1977).
For the reasons assigned, the judgment of the court of appeal is reversed in part and the judgment of the trial court is reinstated at defendant's cost.
REVERSED IN PART; TRIAL COURT JUDGMENT REINSTATED.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents being of the opinion that the judgment of the Court of Appeal is correct.
MARCUS, Justice (dissenting).
The court of appeal, while finding that the trial judge's conclusion that plaintiff's hospitalization was medically necessary was not clearly wrong, concluded that the trial judge erred in finding that the insurer (Blue Cross) did not have, based on the doctors' and hospital's records, just and reasonable grounds for denying plaintiff's *1346 claim. I agree. Accordingly, I respectfully dissent.