LABORDE, Judge.
David Lee Majors, plaintiff, filed suit against his insurance carrier, Blue Cross of Louisiana, to recover certain hospital costs and doctors fees as a result of being hospitalized three times during 1978. The trial court found that Majors’ hospitalizations were medically necessary and awarded judgment in favor of plaintiff in the amount of $2,165.50; however, plaintiffs claim for penalties and attorney’s fees was denied.
Majors contends that the trial judge committed manifest error by not finding the defendant arbitrary and capricious in failing and refusing to pay plaintiff’s claim. Majors seeks penalties and attorney’s fees.
Defendant contends that the trial judge was clearly wrong in finding that plaintiff’s hospitalizations were medically necessary and consequently the decision of the trial court should be reversed.
Majors was hospitalized on three separate occasions during 1978. The first hospitalization in the Fraser Hospital from April 7, 1978, to April 11, 1978, was ordered by Dr. Edward Schlein. The second hospitalization in the Schumpert Medical Center from June 25, 1978, to July 1, 1978, was ordered by Dr. Wallace Brown. The third hospitalization, again in the Schumpert Medical Center, from August 12,1978, to August 25, 1978, was ordered by Dr. Wallace Brown with additional treatment by Dr. Lawrence L’Herrison.
The costs of the three hospitalizations and medical fees totaled $2,165.50, which amount was denied by the defendant on the ground that the expenses incurred were not “medically necessary” and therefore not payable under the following clause contained in defendant’s policy, to-wit:
“Basic and Supplemental Benefits are NOT provided for the following types of hospital admissions or portions of admissions — Not medically necessary — i. e., when in the judgment of the Carrier the medical services did not require the acute hospital bedpatient (overnight) setting, but could have been provided in a physician’s office, the outpatient department of a hospital, or in a lesser facility without adversely affecting the patient’s condition or the quality of medical care rendered.”
The trial judge found as a matter of fact that the hospitalizations of Majors during 1978 were medically necessary and awarded him $2,165.50 — the amounts covered under defendant’s policy for 1978.
Under the standard of review enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the factual determinations of the trier of fact should not be disturbed unless clearly wrong. We have carefully reviewed the record in this matter and find no error in the trial judge’s ruling that the hospitalizations were medically necessary.
Whether Majors is entitled to penalties and attorney’s fees was recently answered by our Supreme Court in Lopez v. Blue Cross of Louisiana, 397 So.2d 1343 (La.1981). The Lopez case, with its factual and legal issues strickenly similar to the ones presented in the present appeal, focused upon interpretation of LSA-R.S. 22:657(A). In Lopez, our Supreme Court awarded, as penalties, double the amount of benefits sued for, plus legal interest from judicial demand plus all court costs. In addition, the court awarded plaintiff attorney’s fees. We must do likewise.
For the above and foregoing reasons, the judgment of the District Court is amended and as amended is affirmed. It is hereby. *768 ordered that there be judgment in favor of David Lee Majors and against Blue Cross of Louisiana in the amount of $2,165.50 representing the benefits sued for plus an additional $2,165.50 representing the penalty award. Interest on both sums, as provided by law from judicial demand, is also awarded. Further, Majors is entitled to attorney’s fees in the sum of $3,000.00. Costs on appeal are taxed against defendant, Blue Cross of Louisiana.
AMENDED AND AFFIRMED.