DOUCET, Judge.
Plaintiffs, Bridget Slay and her husband, Clyde, filed suit against defendant, Old Southern Life Insurance Company, for insurance benefits claimed for the hospitalization and medical treatment of their son, Steven. After trial on the merits, the district Icourt rendered judgment in favor of plaintiffs and against the defendant for the amount claimed under the policy as well as a statutory penalty and attorney’s fees. Defendant appeals.
Steven Slay was born in Alexandria on December 13, 1983. On December 20, 1983, plaintiffs purchased two policies of insurance from the defendant. Under these policies, Steven was insured for hospital, surgical and major medical expenses. The policies became effective on January 1, 1984.
In February 1984, Steven became ill and was admitted to Rapides General Hospital on two separate occasions under the care of his pediatrician since birth, Dr. C.V. Reddy. On the first occasion Steven was diagnosed to be suffering from colic with some spitting and vomiting. On the second occasion he was diagnosed to be suffering from gastroenteritis and diarrhea, with accompanying dehydration. All of the ailments were, or were related to, stomach problems and each hospital stay lasted only several days.
In April 1984, plaintiffs reported to Dr. Reddy that Steven had recently begun to cease breathing for short periods of time. Dr. Reddy referred the Slays to Dr. Edward M. Kaye, a specialist in child neurology in Houston, Texas. Dr. Kaye first examined Steven on April 30, 1984, and at that time admitted him to Hermann Hospital in Houston for tests. The test results were inconclusive, but Steven’s apneic[1] condition improved spontaneously and he *1131 was released from the hospital after only two days. In late May 1984, Steven was again hospitalized at Rapides General Hospital by Dr. Reddy, suffering from pneumonia and croup. This hospital stay lasted approximately one week.
The plaintiffs submitted timely claims to defendant for the expenses incurred in connection with each of the four hospital stays. Defendant denied all four claims on the grounds that Steven’s illnesses existed before the issuance of the policy. This suit was subsequently filed.
On appeal, defendant cites four assignments of error. Defendant first claims that the trial court erred in failing to find that the illnesses for which Steven was treated existed prior to the issuance of the insurance policies. Both policies purchased by the Slays contain a pre-existing coverage rider providing that the defendant will make payments for the treatment or service of illnesses or conditions existing before the date of the issue of the policy only if such treatment or services do not commence until at least 24 months from the date of the issue of the policy.
The record contains little evidence to support defendant’s assertion that the child’s illnesses existed before the issuance of the policy. The only such evidence is the testimony at trial of defendant’s claims adjuster, Barbara Duke. Mrs. Duke testified that Steven’s records from Hermann Hospital contain notes written by admitting personnel to the effect that Mrs. Slay stated that Steven had “always breathed funny intermediately [sic] since birth, and immediate episodes of vomiting, et cetera”. She also testified that records from Rapides General Hospital contain a similar notation that the baby “can’t hold milk down” and that there had been problems with the Si-milac formula. None of these records were introduced in evidence.
Mrs. Slay denied making any statements to personnel at either hospital to the effect that Steven had these problems since he was born. She testified that none of the illnesses existed before the policy was issued. Drs. Reddy and Kaye both testified that the illnesses did not exist until shortly before they were diagnosed.
The trial court determined that Steven’s illnesses did not predate the issuance of the policy. We find the evidence clearly supports this factual determination reached by the trial court. Such a factual finding is not manifestly erroneous, therefore we are unable to disturb it. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
A penalty in the amount of $4,147.95, and attorney’s fees in the amount of $2,700.00, were assessed against defendant by the trial court pursuant to LSA-R.S. 22:657(A), which provides in pertinent part:
“All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist....”
Defendant appeals the award of the penalty and attorney’s fees contending that the trial court erred in finding that the defendant’s failure to pay plaintiffs’ claims was arbitrary and unreasonable. Plaintiffs’ right to recover under the provisions of LSA-R.S. 22:657(A) is not otherwise disputed. Defendant further contends that an insurer is entitled to a judicial determination of its liability where a bona fide dispute exists as to the pre-existing nature of an insured’s condition which led to the claim for benefits. We agree in principle but find there was no bona fide dispute as to the pre-existing nature of Steven’s illnesses.
The existence of a bona fide dispute is grounded on the alleged statements made by Mrs. Slay to hospital personnel. Barbara Duke testified that she made the decision to deny all of the plaintiffs’ claims based on these notations in Steven’s hospi *1132 tal records. In making her decision, Ms. Duke ignored a letter from Dr. Kaye which stated that Steven’s apneic condition began at approximately three months of age, some two and one-half months after the issuance of the policies. Dr. Reddy wrote a letter which specifically stated that Steven’s illnesses relating to his first two hospitalizations were not pre-existing. This letter was not received by Ms. Duke until August 23, 1984, several days after she had mailed the notices denying plaintiffs’ claims. Ms. Duke apparently chose to ignore this letter also. The record does not reveal any reason for denying the claim relating to Steven’s last hospitalization for pneumonia and croup.
Defendant argues that the provisions of LSA-R.S. 22:657 are penal in nature and must be strictly construed. It also argues that the penalty does not apply unless the insured’s refusal to pay is clearly arbitrary and capricious. Strictly construing the statute, we find the evidence establishes that defendant’s denial of plaintiffs’ claims was arbitrary, capricious and unreasonable. The trial court correctly assessed a penalty and attorney’s fees against the defendant.
Defendant lastly asserts that the trial court erred in awarding plaintiffs an unreasonable and excessive amount as attorney’s fees. The amount awarded as attorney’s fees is largely within the discretion of the trial court. Factors which should generally be considered include the degree of professional skill and ability exercised, the amount of the claim, the amount actually recovered for the plaintiff, and the time devoted to the case. While each case is considered in light of its own facts and circumstances, the amount awarded must be reasonable. Artigue v. Louisiana Farm Bureau Mutual Insurance Company, 339 So.2d 880 (La.App. 3rd Cir.1976).
Considering the amount recovered for the plaintiffs, the costs incurred by plaintiffs’ attorney in taking two depositions including one in Houston, Texas, the trial lasting several hours, the apparent degree of professional skill employed by counsel for plaintiffs, and such awards in similar cases, we find no abuse of discretion in the trial court’s award of $2,700.00 in attorney’s fees. See: Lopez v. Blue Cross of Louisiana, 397 So.2d 1343 (La.1981); Majors v. Blue Cross of Louisiana, 399 So.2d 766 (La.App. 3rd Cir.1981).
Plaintiff has answered defendant’s appeal and seeks an increase in attorney’s fees in the amount of $1,500.00 as compensation for the effort required in resisting defendant’s appeal. This court has awarded such attorney’s fees in the past in recognition of the additional expenses incurred by a successful litigant in the lower court who seeks to protect his rights on appeal. Huval Tractor, Inc. v. Joumet, 413 So.2d 978 (La.App. 3rd Cir.1982); Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3rd Cir.1975). We increase attorney’s fees in the amount of $800.00 for a total award of $3,500.00.
DECREE
For the reasons assigned, the judgment of the trial court is amended to increase the award of attorney’s fees therein from $2,700.00 to $3,500.00. In all other respects the judgment appealed from is affirmed with all costs of this appeal assessed against the defendant-appellant.
AMENDED, AND AFFIRMED AS AMENDED.

. Transient suspension of respiration.