535 So.2d 830 (1988)
Wesley D. BARRON, Regina Barron and Wesley D. Barron, as the Father of John Barron, Plaintiffs,
v.
Julie G. SCAIFE, as Custodial Parent of the Minor, James E. Miller, and Eugene Gobert as the Father of the Minor, Timothy Gobert, State Farm Mutual Automobile Insurance Company and Texas Fire & Casualty Insurance Company, Defendants.
No. 19815-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
Fish, Montgomery, Robinson & Smith by John M. Montgomery, Charles A. Smith, Minden, for Tri-State Underwriters, Inc., third party plaintiff, third party defendant and cross claim plaintiff, and The Aetna Cas. & Sur. Co., third party defendant, appellants.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for Mount Hawley Ins. Co., third party defendant, appellee.
LaBreche & Webb by Wayne E. Webb and Hicks & Bookter by Claude W. Bookter, Jr., Shreveport, for Wesley D. Barron and Regina Barron, plaintiffs and defendants-in-reconvention.
Roy L. Brun, Shreveport, for Julie Scaife, defendant, plaintiff-in-reconvention, cross claim plaintiff and third party plaintiff.
Lunn, Irion, Johnson, Salley & Carlisle by Jack E. Carlisle, Jr., Shreveport, for Eugene Gobert, Timothy Gobert and State *831 Farm Mut. Auto. Ins. Co., defendants and cross claim defendants.
Nelson, Hammons & Johnson by Gary M. Parker, Shreveport, for Executive Underwriters, Inc., third party defendant and cross claim defendant.
State of La., Office of General Counsel by John W. King, Baton Rouge, for State of La., Dept. of Transp. and Development, third party defendant.
Before HALL, MARVIN and SEXTON, JJ.
SEXTON, Judge.
Third party plaintiff-appellant, Tri-State Underwriters, Inc., appeals the granting of a summary judgment holding that the third party defendant-appellee, Mount Hawley Insurance Company, was not liable to Tri-State based upon an exclusion contained in the policy of insurance issued by Mount Hawley to Tri-State. We affirm.
This lawsuit arises out of an automobile accident which occurred on January 31, 1986 between two minors. Their parents were sued as a result of the accident. Julia Scaife, one of the minor's parents, had previously retained the services of Tri-State Underwriters to secure insurance coverage for her automobile. Tri-State, in turn, as a licensed surplus line broker, secured coverage for Mrs. Scaife through Texas Fire and Casualty Company. This coverage was provided from August 9, 1985 to August 9, 1986.
The accident was reported to Tri-State on February 4, 1986, who reported the loss to Texas Fire and Casualty Company on the same date. However, Texas Fire and Casualty Company subsequently instituted insolvency proceedings on April 7, 1986 and indicated that it would be unable to pay any claims under the policy. Mrs. Scaife filed a third party demand against Tri-State seeking indemnification for any amounts which she may have been held liable due to Tri-State's alleged negligence in failing to procure insurance with a financially solvent insurer. Tri-State answered the third party demand and in addition filed a third party demand against its errors and omissions carrier, Mount Hawley Insurance Company, seeking indemnification for any amounts for which it should be adjudged liable.
Mount Hawley Insurance Company filed a motion for summary judgment alleging that a certain endorsement attached to the policy of insurance issued to Tri-State Underwriters excludes claims made against Tri-State arising from or relating to the inability of any insurer to pay claims due to the insolvency of an insurance company. Mount Hawley therefore alleged that it could not be responsible for indemnification.
Tri-State opposed the motion for summary judgment alleging that no claim had been made against Tri-State arising from the insolvency of Texas Fire and Casualty Company. Rather, they argued that the claim against Tri-State Underwriters is based upon a claim that Tri-State failed to follow the requirements of Louisiana law found in LSA-R.S. 22:1257, et seq., which provides that an insurer can be held liable for failure to inform its insured of any unsound financial condition in insurance that they provide for the insured.
The trial court sustained the motion for summary judgment and dismissed Mount Hawley Insurance Company with prejudice at the cost of Tri-State Underwriters.
Tri-State Underwriters appeals urging the same grounds asserted on the motion for summary judgment.
LSA-C.C.P. Art. 966 provides for summary judgment and reads as follows:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. *832 The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. State, Through Department of Highways v. City of Pineville, 403 So.2d 49 (La. 1981); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Jones v. Prudential Insurance Company of America, 415 So.2d 223 (La.App. 2d Cir.1982). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Swindle v. Haughton Wood Co., Inc., supra; Jones v. Prudential Insurance Company of America, supra.
The trial judge in this case granted the motion for summary judgment based upon reasons assigned in open court and which are not made a part of this record.
Nevertheless, the pertinent endorsement setting forth the exclusion relied upon by Mount Hawley in support of its motion for summary judgment reads as follows:

INSURER SOLVENCY ENDORSEMENT
In consideration of the premium charged, it is understood and agreed that this policy shall not apply to claims made against the insured arising from or related to:
A) The inability of any insurer to pay claims or to return premiums
B) The insolvency, receivership, bankruptcy or liquidation of any insurance company
An insurance policy is a contract between the insured and insurer and as such has the effect of law between the parties. Stacy v. Petty, 362 So.2d 810 (La.App. 3rd Cir.1978). An insurer may limit its liability just as individuals may. Lopez v. Blue Cross of Louisiana, 386 So.2d 697 (La.App. 3rd Cir. 1980), writ denied, 393 So.2d 741 (La.1980), modified on appeal on other grounds, 397 So.2d 1343 (La.1981). A clear and unambiguous provision in an insurance contract which limits liability must be given effect. Superior Steel, Inc. v. Bituminous Casualty Corporation, 415 So.2d 354 (La.App. 1st Cir.1982); Smith v. Western Preferred Casualty Company, 424 So.2d 375 (La. App. 2d Cir.1982), writ denied, 427 So.2d 1212 (La.1983).
Further, insurers may, by unambiguous and clearly noticeable provisions, limit liability and impose the obligations they assume by contract absent conflict with a statute or public policy. Oceanonics, Inc. v. Petroleum Distributing Company, 292 So.2d 190 (La.1974); Johnson v. Jackson, 504 So.2d 88 (La.App. 2d Cir.1987), writ denied, 506 So.2d 1230 (La.1987).
In the present case, defendant alleges that the cause of action does not arise from the insolvency of Texas Fire and Casualty but instead is based on allegations of violations of Louisiana law, namely, LSA-R.S. 22:1262 and therefore does not fall within the exclusion set forth in the policy of insurance issued by Mount Hawley.
We disagree. The clear and unambiguous language of the policy specifically excludes claims "arising from" or "related to" the insolvency of any insurance company. The claim that Tri-State intentionally failed to inform its insured of the insolvency of Texas Fire and Casualty by its very wording is related to the insolvency of the *833 insurance company, as without the insolvency of Texas Fire, there would be no claim. We can find no alternative interpretation of the language. Additionally, we cannot find that the specific exclusion violates any statutory law nor does it derogate from public policy. We determine therefore that reasonable minds must inevitably concur that the unambiguous language in the errors and omissions policy excludes the claim of negligence arising from the insolvency of Texas Fire and Casualty.
The judgment of the trial court is therefore affirmed at appellant's cost.
AFFIRMED.