YELVERTON, Judge.
As an insured under a group health policy, Wendy Carmouche brought suit against Continental Assurance Company for medical expenses, and penalties and attorney fees. The trial judge awarded all three, and. the insurer appealed. Carmouche answered the appeal, seeking an increase in attorney’s fees and urging that the trial court erred in considering the deductible under the co-insurance provisions in determining the amount of her recovery. We increase attorney’s fees by an additional $750 for services rendered on this appeal. Otherwise, we affirm.
FACTS
Wendy Carmouche was married to Joseph Carmouche, Jr., an employee of the city of Alexandria. Continental Assurance Company issued a group health insurance policy to the city of Alexandria. Wendy was a covered dependent as defined by the policy. In August, 1985, Wendy consulted Dr. Dean Lindsay, a chiropractor who practices in Alexandria. She complained of headaches, and pain in her neck, arms, legs, and back. Dr. Lindsay x-rayed her spine and diagnosed her problem as kypho-sis, cervical radiculitis, and cervicalgia in the lumbar spine. He prescribed treatment consisting of muscle stimulation, hot or cold packs, and manipulation. This treatment continued until April, 1986. She received 38 treatments and the charges to-talled $2,222. The bills for these treatments were submitted to Continental by Dr. Lindsay.
In December, 1985, Continental requested additional information from Dr. Lindsay regarding Wendy’s treatment. Continental wanted a history, a complete diagnosis, x-ray results, a justification for the frequency and duration of treatment, and the current status of Wendy’s condition. Dr. Lindsay provided Continental with the requested information.
On January 20, 1986, Continental informed Joseph Carmouche that there would be a delay in processing the bills submitted by Dr. Lindsay. On February 4, 1986, Continental again advised Carmouche that the payment of benefits was being *1281 delayed because the charges were being reviewed by a consultant.
The consultant was Dr. Billy Wayne Tim-berlake, a chiropractor of Dallas, Texas. During this time he was on retainer by Continental to review claims submitted by policy beneficiaries. Dr. Timberlake concluded and so advised Continental that the charges imposed by Dr. Lindsay were excessive. He also informed Continental that any treatment rendered after September 30, 1985, was unreasonable.
Continental in March 1986 wrote Dr. Lindsay informing him that Wendy’s benefits had been considered and that charges after September 30, 1985, were not reasonable because “maximum medical management improvement has been attained.” The insurer paid all but $769.60 of the bills submitted, and refused to pay the balance. The rejected bills were those incurred after September 30, 1985.
This suit followed. After trial the district court awarded Wendy $769.60 in insurance benefits, $1,539.20 in statutory penalties (double the benefits, La.R.S. 22:657), and attorney’s fees of $1,500. The award took into account the $100 deductible under the policy, as well as a co-insurance provision whereby the insured pays 20% of the first $5,000 of medical expenses incurred.
ISSUES
Continental assigns three trial court errors in its appeal: (1) awarding additional benefits to plaintiff beyond what had been paid; (2) finding appellant arbitrary and capricious in refusing to pay benefits; and (3) refusing to allow appellant’s consultant to testify as an expert on the customary charges in Rapides Parish, Louisiana. Car-mouche raises the issues of additional attorney fees and a demand for a refund of deductibles allowed by the trial court. BENEFITS
Whether the award of $769.60 in benefits covering the balance of Dr. Lindsay’s bill is correct or not, depends upon two findings of fact: (1) whether all of the chiropractor’s treatment was “necessary”, and (2) whether the charges were “customary and usual”.
The policy provides coverage for treatment that is necessary. Whether the treatment was medically necessary is a question of fact. Lopez v. Blue Cross of Louisiana, 386 So.2d 697 (La.App. 3d Cir.1980), writ denied, 393 So.2d 739, 741 (La.1980). A factual finding of a trial court should not be disturbed unless that finding is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Here, the trial judge determined that the treatment received by Wendy after September 30, 1985, was covered by the policy as necessary treatment. Two chiropractors testified as to whether the treatment was necessary. Dr. Lindsay, the treating chiro practor, testified that it was. The carrier’s consultant chiropractor, who had not examined Wendy, nor any of her x-rays, testified that it was not. A trial court is permitted to afford greater weight and probative value to the testimony of the treating physician. Menendez v. Continental Ins. Co., 515 So.2d 525, 529 (La.App. 1st Cir.1987), writ denied, 517 So.2d 808 (1988). There is no manifest error in the trial court’s finding that the treatment was necessary and that appellee was entitled to insurance benefits for treatment after September 30, 1985.
Dr. Timberlake testified that he found some charges to be unreasonable, not usual or customary, based on what he charges for similar services. The policy issued by Continental defines “usual” as the fee regularly charged for a given service by the health care provider, in this case, Dr. Lindsay. “Customary” is the fee charged for a given service by similarly trained health care providers in a particular county or “greater geographically significant area”. Here, the court considered the Alexandria/Rapides Parish area as the geographically significant area. Fees charged by Dr. Timberlake in the Dallas area are immaterial to Dr. Lindsay’s charges in the Alexandria/Rapides Parish area according to the policy. There is no manifest error in the trial court’s finding that the charges were not unreasonable, but that in fact they were the usual and customary charges *1282 for similar services in the Alexandria, Rap-ides Parish area.
PENALTIES AND ATTORNEY’S FEES
Appellant contends that the lower court erred in finding that Continental was arbitrary and capricious in its refusal to pay for treatment rendered after October 15, 1985. The court then awarded penalties and attorney’s fees as provided by LSA R.S. 22:657.
The policy provides that Continental may use “Peer Review Organizations or other Professional Medical Opinion” in determining whether health care services are necessary. The trial court determined that Continental’s ground for refusing the claim was not just and reasonable.
Whether or not the insurer’s reasons for refusal are just and reasonable grounds is a question of fact to be determined from the individual facts and circumstances of each case. Thompson v. Business Ins. Life of America, 413 So.2d 331, 337 (La. App. 3rd Cir.1982). In the instant case, Dr. Timberlake did not examine Wendy nor did he contact the treating chiropractor, Dr. Lindsay, regarding Wendy’s treatment. Dr. Timberlake did not review any x-rays taken of Wendy. Dr. Timberlake recognized that different patients respond to treatment differently, but he chose not to contact either Wendy or Dr. Lindsay regarding her progress.
The trial judge found that the refusal of Continental to pay the claims submitted by Wendy was not based on reasonable grounds. The trial judge indicated that to hold otherwise would make Continental’s promise of benefits illusory stating: “Continental would never be bound, under its interpretation of the policy, to pay, unless it decides after consultation with its hired consultant that it wants to pay.” A contrary finding would enable a carrier to employ a rubber stamp thereby avoiding liability until a beneficiary exercised his right to file suit.
Based on the individual facts and circumstances of this case, we do not find that the judgment of the trial court awarding penalties and attorney’s fees was clearly wrong.
EXPERTISE AS TO CUSTOMARY CHARGES
Appellant’s third assignment of error is that the trial court erred in rejecting expert testimony because the tendered expert had analyzed the insurance claim being litigated. This court recognizes that “the qualification of an expert witness rests within the sound discretion of the trial court and his determination will not be disturbed except for a showing of manifest error.” Richardson v. Continental Ins. Co., 468 So.2d 675, 681 (La.App. 3rd Cir.1985), writ denied 474 So.2d 1304 (La.1985).
Here, appellant’s consultant, Dr. Timber-lake, was accepted by the trial court as an expert in chiropractic. Dr. Timberlake does not practice in Louisiana and therefore is not required to be, nor is he, licensed to practice in Louisiana. However, he is licensed in Texas where he practices and for that reason the court accepted him as an expert. But the trial judge refused to allow Dr. Timberlake to testify as an expert on the customary charges for chiropractic in the Alexandria/Rapides Parish area. The court ruled that a proper foundation had not been laid for his qualification as an expert on customary charges in Rapides Parish. Dr. Timberlake testified that he reviewed bills submitted from across the United States, but he was unable to say for which carriers he had reviewed bills submitted from the Rapides Parish area. We see no clear error in the refusal of the trial court to qualify Dr. Timberlake as an expert in the customary charges for services rendered in Rapides Parish.
DEDUCTIBLE AND CO-INSURANCE CREDITS
The trial judge deducted twenty percent as provided in the policy for the benefits paid on treatment after September 30, 1985. Appellee contends that the trial judge erred in considering this deduction. At trial, Wendy testified that she had paid the deductible amount during the first two weeks of her treatment. She recognized that the twenty percent deductible would apply to Dr. Lindsay’s fees. In making the *1283 award to Wendy of benefits for treatment after September 30, 1985, the trial judge made allowance for the twenty percent participation percentage reduction as provided by the policy. This determination by the trial court was not clearly wrong.
ANSWER TO THE APPEAL
The trial court awarded $1,500 in attorney’s fees. In her answer to this appeal, appellee petitions for an increase in attorney’s fees to $3,500 for trial work and $2,500 for the effort required on this appeal.
The record indicates that the appellee’s attorney deposed Dr. Lindsay on February 5, 1987. A bench trial was held February 17, 1987. Two witnesses testified at trial, Wendy Carmouche and Dr. Timberlake. The trial lasted one day. In preparation for trial, appellee’s attorney filed a motion for a writ of subpoena duces tecum. He subsequently filed a motion to compel. We find no abuse of discretion by the trial court in the award of attorney’s fees. As to plaintiff’s request for additional attorney’s fees, we find that such fees are not warranted. In this case, plaintiff is not only protecting her rights relative to defendant’s appeal, but she is also seeking additional relief denied at the trial level and denied on appeal. In such circumstances, it has been held that additional attorney’s fees for services rendered on appeal will not be awarded. Bischoff v. Old Southern Life Ins. Co., 502 So.2d 181 (La.App. 3rd Cir.1987).
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs of appeal will be born by defendant-appellant.
AFFIRMED.