550 So.2d 843 (1989)
Ann B. SARGENT, Plaintiff-Appellee,
v.
LOUISIANA HEALTH SERVICE & INDEMNITY CO., d/b/a Blue Cross Blue Shield of Louisiana, Defendant-Appellant.
No. 21034-CW.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
*844 Gerald Martin Johnson, Shreveport, for defendant-appellant.
John Marion Robinson, Springhill, for plaintiff-appellee.
Before FRED W. JONES, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
On application of defendant, Louisiana Health Service and Indemnity Co., d/b/a Blue Cross/Blue Shield of Louisiana, a supervisory writ was granted herein to review the denial of a motion for summary judgment. The trial court held that, contrary to defendant's contentions, the suit was timely filed and dismissal was inappropriate. We reverse.

FACTS
During a period of hospitalization at Humana Hospital Springhill from January 7, 1986 through January 17, 1986, plaintiff, Mrs. Ann Sargent, allegedly incurred hospital expenses of $4,541.62 and doctor fees of $330. In answers to interrogatories, she stated that, while helping her son clean his office and place of business, she picked up a vacuum cleaner and immediately felt pain in her shoulder and back. Medical services were subsequently rendered to her by the hospital and the Doctor's Clinic of Springhill. Blue Cross had issued a non-group hospital, surgical-medical and major medical insurancy policy to plaintiff. In January and March of 1986, defendant paid $267 of the doctor bill. It refused, however, to pay the hospital bill and the remaining balance of the doctor bill, leaving $4,604.62 owing.
As required by the policy, plaintiff gave defendant written notice of her claim within 90 days of treatment, the hospital having *845 filed on her behalf on January 21, 1986. Blue Cross maintained that its policy did not provide for services which were covered by worker's compensation laws or services rendered as a result of an occupational disease or injury.
Plaintiff filed her petition on January 25, 1988, demanding all of the medical expenses, together with statutory penalties and attorney's fees as provided under LSA-R.S. 22:657 for arbitrary failure to pay a claim. Defendant's motion for summary judgment sought dismissal of the suit on the basis that it was not filed, as required by the policy, either within fifteen months following treatment or within one year of written notice of the claim, whichever was longer.
At a hearing on the motion, plaintiff orally argued that the applicable prescriptive period was ten years, as set forth by LSA-C.C. Art. 3499. The motion was taken under advisement and later denied, without written or oral reasons, by minute entry on October 14, 1988. Judgment to the same effect was subsequently signed by the trial court. Defendants then filed a notice of intention to apply for supervisory writs, which were granted by this court for purposes of reviewing the decision below.

DISCUSSION
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C. C.P. Art. 966; State, Through Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981); Barron v. Scaife, 535 So.2d 830 (La.App.2d Cir.1988); Ebarb v. Erwin, 530 So.2d 1166 (La.App.2d Cir.1988); Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App.2d Cir.1984); Jones v. Prudential Insurance Co. of America, 415 So.2d 223 (La.App.2d Cir.1982).
The burden of proof in a motion for summary judgment is on the mover to establish that there is no genuine issue of material fact. That burden is great. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); Barron v. Scaife, supra; Ebarb v. Erwin, supra; Swindle v. Haughton Wood Company, Inc., supra; Jones v. Prudential Insurance Co. of America, supra.
In the present case, the pertinent policy provisions regarding the time limits for bringing suit are found in Article XIV, the general provisions section, of the policy in the record. Subpart H of that article states
Written notice of claim for Health Care benefits must be given to the Plan within 90 days of treatment; however, if it is not reasonably possible to give notice of claim in that period, notice should be given as soon as reasonably possible and Health Care benefits will not be reduced. No legal action will be brought against the Plan after 15 months after treatment or after one year from the receipt of written notice of claim, whichever time is longer. If the time period for giving notice of claim, furnishing proof of loss, or bringing any action on the Contract is less than that permitted by the laws of the state, district or territory in which the Member resides at the time the Contract is issued, this limitation is extended to comply with those laws.
An insurance policy is a contract between the insured and insurer and as such has the effect of law between the parties. Barron v. Scaife, supra; Stacey v. Petty, 362 So.2d 810 (La.App. 3rd Cir. 1978). An insurer may limit its liability just as individuals may. Barron v. Scaife, supra; Lopez v. Blue Cross of Louisiana, 386 So.2d 697 (La.App. 3rd Cir.1980), writ denied, 393 So.2d 741 (La.1980), modified on appeal on other grounds, 397 So.2d 1343 (La.1981). A clear and unambiguous provision in an insurance contract which limits liability must be given effect. Barron v. Scaife, supra; Superior Steel, Inc. v. Bituminous Casualty Corp., 415 So.2d 354 (La.App. 1st Cir.1982).
*846 Further, insurers may, by unambiguous and clearly noticeable provisions, limit liability and impose such reasonable conditions as they may wish upon the obligations they assume by contract, absent conflict with a statute or public policy. Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La. 1974); Barron v. Scaife, supra; Johnson v. Jackson, 504 So.2d 88 (La.App. 2d Cir.1987), writ denied, 506 So.2d 1230 (La.1987).
Under the provisions of LSA-R.S. 22:213, health and accident policies have certain required provisions. Each policy shall contain in substance either the provisions set forth in § 22:213 or, at the option of the insurer, provisions which in the opinion of the Commissioner of Insurance are not less favorable to the policyholder. Similarly, policy provisions cannot be disapproved by the Commissioner on the ground of being more favorable to the insured than those provided by § 22:213. LSA-R.S. 22:211(C).
With regard to legal action, § 22:213 requires policy provisions stating that no action shall be brought to recover on the policy prior to the expiration of 60 days after proof of loss has been filed in accordance with the the policy, and that no such action shall be brought after the expiration of one year following the time allowed for filing proofs of loss. Thus, the provisions of the Blue Cross policy are more accomodating to the policyholder than those required by § 22:213. The present policy also expressly provides that, if its time period for filing suit is shorter than that permitted by law, then the limitation is extended to agree with the minimum period permitted by the law.
Of course, when a policy affords a longer period for filing suit than is required by statute, the policy governs as being more favorable to the insured. See 18A, Couch, Insurance, § 75:61 (2d ed. 1983). Between Mrs. Sargent and Blue Cross, then, the insurance policy has the effect of law as it is clear and unambiguous and is not in conflict with statute or public policy. It sets forth the prescriptive provisions that control the present case.
There is no dispute that, on January 21, 1986, plaintiff timely presented her notice of claim. Under the terms of the policy, she had fifteen months after treatment or one year after the proof of loss was filed, whichever was longer, to file suit. Thus, although the latest date for timely instituting an action was April 17, 1987, plaintiff's suit was not actually filed until January 25, 1988. Nonetheless, at the hearing on the motion for summary judgment, plaintiff maintained her case was controlled by LSA-C.C. Art. 3499, which reads as follows:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
Because plaintiff has not filed a brief, we assume for purposes of this appeal that she continues to assert the same argument. It is, however, unconvincing. When two statutes are in conflict, the statute which is more specifically directed to the matter at issue must prevail as an exception to the more general statute. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Esteve v. Allstate Ins. Co., 351 So.2d 117 (La.1977). The general ten year prescription of LSA-C.C. Art. 3499, as that article indicates, applies only in the absence of any other statutory mandate. By the provisions of LSA-R.S. 22:213, a more specific statute, the legislature has limited the prescriptive period for suits filed under insurance policies such as the one presented here.
Additionally, the case of King v. Pan American Life Insurance, 324 So.2d 535 (La.App. 1st Cir.1975), writ denied, 328 So.2d 166 (La.1976), is illustrative. There, the insurance policy provided for proof of claim within 90 days, or even later upon a showing that it was done as soon as reasonably possible. To bring legal action, the policy provided a period of two years following expiration of the time for filing a proof of claim. The insured had furnished proof of loss timely, but suit was not filed until more than two years after the period for proofs of claim. The First Circuit found that the suit had prescribed under the insurance policy.
*847 In like manner, inasmuch as suit in our present case was filed more than fifteen months after treatment, i.e., after the longest time period set forth in the policy for such action, plaintiff's right to file suit had prescribed. Concerning that point, the record demonstrates that Blue Cross succeeded in its burden of showing that no genuine issue of material fact existed.[1] We therefore reverse the judgment of the trial court, and grant the motion for summary judgment in favor of the defendant. The action is dismissed at plaintiff's cost.
REVERSED.
NOTES
[1] We also take notice of the provisions of LSA-C.C. Art. 3464, which state that prescription is interrupted when one acknowledges the right of the person against whom he has commenced to prescribe. The making of payments on an obligation can be an acknowledgment sufficient to interrupt prescription. Wegman v. Central Transmission, Inc., 499 So.2d 436 (La.App.2d Cir.1986), writ denied, 503 So.2d 478 (La.1987). As earlier stated, in January and March of 1986, Blue Cross made payments totalling $267 for physician services. Nevertheless, even assuming that these interrupted prescription, because under LSA-C.C. Art. 3466 the prescriptive period would begin to run anew from the last day of interruption in March 1986, plaintiff's action still would have prescribed.