504 So.2d 88 (1987)
George W. JOHNSON and Janie L. Johnson, Plaintiffs-Appellants,
v.
Collin L. JACKSON, et al., Defendants-Appellees.
No. 18412-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Rehearing Denied March 25, 1987.
Writ Denied May 29, 1987.
*89 Peters, Ward, Bright & Hennessy by Michael G. Latimer and J. Patrick Hennessy, Shreveport, for plaintiffs-appellants.
Hicks & Bookter, Shreveport, for defendant-appellee, Firemen's Insurance Company of Newark, New Jersey.
Nelson & Achee, Ltd. by Roland Achee, Shreveport, for defendant-appellee, Hubert Logan.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Logan was driving a pickup truck owned by Johnson, who was a guest passenger. The truck was hit in the rear by a Datsun automobile owned and operated by Jackson.
Fireman's Insurance Company of Newark, New Jersey ("Fireman's") had issued to Johnson a liability insurance policy covering the pickup truck providing, for each accident, liability coverage of $100,000 and uninsured motorist ("UM") coverage of $100,000. State Farm Mutual Automobile Insurance Company ("State Farm") had issued an insurance policy covering the Jackson vehicle with liability limits of $10,000.
Johnson and his wife sued Jackson, State Farm and Fireman's under the latter's UM section of its liability policy. Later added as defendants were Logan and Fireman's, as Logan's liability insurer. It was alleged that Logan's negligent acts contributed to the accident in question.
State Farm tendered to plaintiffs its $10,000 policy limits and the tender was accepted. Also accepted by plaintiffs was Fireman's tender of the $100,000 policy limits under its UM coverage.
Fireman's moved for a summary judgment as the liability insurer of Logan on the basis of a reduction clause in the UM section of its insurance policy. The trial judge sustained the motion and dismissed plaintiff's claim against Fireman's as the liability insurer of Logan. Plaintiffs appealed *90 this judgment. For the reasons hereinafter explained, we reverse.
The insurance policy covering the Johnson pickup truck contained the following reduction clause in the UM section of the policy:
"Payments under this coverage will reduce the amount that a person is entitled to recover under Part 4 of this policy."
Part 4 provided liability coverage under the policy.
In its written reasons for sustaining the motion for summary judgment the trial court stated:
"The Court is not persuaded that the reduction or credit provision of the Fireman's policy is against public policy where the dollar amounts are similar in the liability and uninsured/underinsured limits. The purpose of the limit of liability clause is to reduce the exposure of the insured by the amounts paid under the bodily injury liability coverage or uninsured/underinsured motorist coverage."
It is recognized that insurers may, by unambiguous and clearly noticeable provisions, limit liability and impose such reasonable conditions as they may wish upon the obligations they assume by contract, absent conflict with a statute or public policy. Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974).
The question in this case is whether the reduction clause in the insurance policy covering the Johnson pickup truck violates a statute or public policy.
UM coverage in this state is based upon the requirements of La.R.S. 22:1406 D(1)(a), as follows:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators or uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits
Louisiana's UM statute embodies public policy. Therefore, any conflicting clause in a policy of insurance is invalid. Nall v. State Farm Mutual Automobile Insurance Co., 406 So.2d 216 (La.1981); Breaux v. Government Employees Insurance Co., 369 So.2d 1335 (La.1979).
The issue of whether a claimant could recover under both the liability and UM provisions of the same policy was first presented to the Louisiana Supreme Court in Breaux.
This case involved a one-car accident. The sole cause of the accident was the negligence of the host driver. The parents of the passenger who was killed in the accident brought an action seeking recovery under the UM clause of the policy which insured the parents' automobile after the parents had entered into a settlement with the insurer who had issued the policy insuring the negligently driven vehicle.
The parents' policy provided that the insurer would pay all sums which any insured should be legally entitled to recover as damages from the owner or operator of an "uninsured automobile". The policy expressly excluded from the definition of an "uninsured automobile" an "insured automobile".
The court concluded that the UM statute implicitly distinguished between an "insured vehicle" and an "uninsured vehicle" and did not contemplate that a single vehicle could be both the insured and uninsured *91 vehicle. The statute does not require that the insured automobile be considered an uninsured (underinsured) automobile after exhaustion of the liability coverage for negligence of the host driver. Therefore, policy provisions which exclude the insured automobile from the definition of uninsured motor vehicle were held to be enforceable.
The court explained:
"A person insured under the uninsured motorist provision of a particular policy... must establish that he is legally entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles in order to obtain coverage thereunder. As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the `uninsured or underinsured' motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle."
The court held that the clause in the policy which denied UM coverage to the parents was valid since it was not in derogation of the mandatory requirements set forth in our UM statute.
Our supreme court again considered this issue in Nall. A guest passenger was injured when the vehicle in which he was riding was involved in a collision with another vehicle. The collision was caused by the negligence of the host driver. The father, individually and as administrator of the estate of the minor son, sued the host driver's insurer seeking to recover both liability and UM benefits under the policy on the host vehicle.
The Court reaffirmed the Breaux conclusion that the UM statute does not mandate UM coverage for the insured vehicle. See also Shipp v. State Farm Mutual Automobile Insurance Company, 415 So.2d 582 (La.App. 3rd Cir.1982); Coco v. Allstate Insurance Company, 391 So.2d 50 (La.App. 3rd Cir.1980). The supreme court held that the UM statute does not require that an injured guest be afforded coverage under both the liability and UM coverages of the host's policy where the negligence of the host caused the accident.
In Breaux and Nall, the accident was caused solely by the negligence of the host driver. In a footnote in Breaux, the Supreme Court stated:
"We note that, under the terms of the statute, a guest passenger is afforded coverage under the provisions of his own uninsured motorist coverage when he sustains injuries occasioned by the host driver's negligence and the host driver's liability insurance coverage is less than the amount of damages suffered by those having claims against the host driver's liability coverage. In such a case, the owner or operator of an underinsured motor vehicle (the host driver) is not a person insured under the guest passenger's uninsured motorist coverage. In addition, the motor vehicle with respect to which the uninsured motorist coverage was initially issued (the guest passenger's motor vehicle) is not the underinsured motor vehicle (the host driver's motor vehicle). The same result is reached when the guest passenger seeks recovery against the host driver's uninsured motorist coverage when the accident is caused by the fault of an underinsured third party."
The issue of whether a guest passenger can recover under both the liability and UM coverages of the host vehicle if the host driver is jointly liable with another driver who was uninsured or underinsured was presented in Casson v. Dairyland Insurance Company, 400 So.2d 713 (La.App. 3rd Cir.1981), in which a serious accident was caused by the joint negligence of two drivers.
With respect to the policy on the host vehicle, the Court concluded that a guest passenger could recover under the liability coverage based upon the negligence of the host driver and under the UM coverage based on the negligence and inadequate *92 coverage of the other driver. It should be emphasized the the UM claim was based upon the negligence and inadequate coverage of the other drivernot the negligence and inadequate coverage of the host driver.
The Court stated:
"In Nall we held that under Breaux and Coco [cited previously] a passenger cannot recover under both the liability and the uninsured motorist coverages on his host driver's vehicle. However, we noted, perhaps in dicta, that a guest passenger can recover against his host driver under the liability coverage on the host's vehicle and also against the driver of another vehicle under the uninsured motorist coverage on the host's vehicle."
There was no discussion of whether the insurance policy contained a reduction clause.
To support the validity of the reduction clause under consideration Fireman's relies upon the case of Miller v. Duthu, 470 So.2d 500 (La.App. 1st Cir.1985). There, a guest passenger brought an action against the host driver and the host driver's insurer for injuries sustained in a one-car accident. The insurer paid the guest passenger the $100,000 policy limits under the host driver's liability coverage. The guest passenger then filed a "motion for declaratory judgment", asserting that he was also entitled to recover from the insurer under the UM coverage.
The "limits of liability" provision in the policy stated:
"Any amount payable under the terms of (the UM coverage) because of bodily injury sustained in an accident by a person who is an insured under (the UM coverage) shall be reduced by ... all sums paid under (the liability provision)."...
Any payment made under (the UM coverage) to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under (the liability provisions)."
The First Circuit determined it was not contrary to law or public policy for an insurer to have a payment credit provision allowing a dollar-for-dollar reduction of UM payments against any liability exposure under the same policy resulting from the same claim.
The court concluded:
"If the insurer of a host vehicle can legally exclude UM coverage (as in Breaux and Nall, then it must follow that such an insurer also can legally limit the coverage he contracts to provide. As indicated in Breaux and Nall, the insurer of the host vehicle is not bound by the public policy requirements of law for UM coverage. Such insurer may contractually exclude or limit his coverage."
Miller is distinguishable from the case at bar. There, as in Breaux and Nall, the question was whether an insurer can exclude or limit UM coverage as it relates to the driver of the insured vehicle. An affirmative answer was given. Here, UM coverage relates to the liability of the driver of a vehicle other than the insured vehicle. Although the full UM limit was paid, the insurance contract limited liability by the amount of that UM payment. In this case that resulted in elimination of liability coverage altogether.
By receiving full payment under UM coverage for the negligence of the driver of the vehicle other than the insured vehicle, the injured passenger (according to the insurance contract) lost his right to recover for the negligence of the driver of the insured vehicle. The net result was that the insurer provided less total coverage than contemplated by law and, considering all of the circumstances, did not provide the mandated UM coverage. Therefore, under the facts of this case we find that the reduction clause of the insurance policy issued by Fireman's to Johnson violates public policy as embodied in the UM statute.
Our conclusion is supported by other cases which found reduction of coverage clauses to violate mandated UM coverage.
In Johnson v. Fireman's Fund Insurance Company, 425 So.2d 224 (La.1982), and Williams v. Buckelew, 246 So.2d 58 (La.App. 2d Cir.1970), reduction clauses directed at worker's compensation benefits *93 were deemed unenforceable and in violation of La.R.S. 22:1163. In Williams, we held that credit for worker's compensation benefits received by the insured would have the effect of reducing UM protection below the limits required by statute. Therefore, the reduction clause was unenforceable. However, it was noted that there was no question of double recovery because the amount of plaintiff's damages substantially exceeded the sum of his UM policy limit and the worker's compensation benefits paid. See also C.F. Hebert v. Green, 311 So.2d 223 (La. 1975).
Reductions from UM coverage for medical payments have also been struck down. White v. Patterson, 409 So.2d 290 (La.App. 1st Cir.1981). The credit for medical expenses is enforceable only insofar as it prevents recovery of the same medical expenses under both UM coverage and medical payments coverage. If the limits of UM coverage are inadequate to compensate the insured for his other damages, the insurer cannot credit payments made under medical coverage against the liability limits of the UM coverage.
In addition, we have declined to enforce a reduction clause which had the effect of reducing the UM coverage below the policy limit. Smith v. Trinity Universal Insurance Company, 270 So.2d 637 (La.App. 2d Cir.1972). Smith held that the reduction clause for sums received from other persons liable for the insured's bodily injury was unenforceable. The insured had been injured by the joint negligence of an insured motorist and an uninsured motorist. It was ruled that the credit in effect would reduce the UM coverage below the limits required by statute. See also Hebert v. Ordoyne, 388 So.2d 407 (La.App. 1st Cir. 1980).
Suppose the insurance contract in this case provided that UM coverage would be reduced by payments under the liability section, and a payment of $100,000 was made under liability coverage. As a result, nothing would be due under the UM clause. It is clear, in light of the cited jurisprudence, that this reduction clause would be deemed invalid as violating public policy. Under our actual circumstances the net result to the injured claimant is the same he only received $100,000 under the insurance contract, after being penalized for accepting full payment under UM coverage for the negligence of the driver of the vehicle other than the insured vehicle. If the claimant's UM recovery results in a reduction of other benefits, when the situation is viewed in its totality, the result is an infringement on the mandatory UM coverage. This contravenes public policy.
To summarize, it has been previously held that the reduction of UM coverage below that required by statute, by directing credit for payments from any source, is contrary to public policy. We think it logically follows that where the reduction of either limit, UM or liability, prevents the insured from receiving the full benefit of the UM coverage to which he is entitled, that reduction clause is inconsistent with the mandatory coverage requirement of our UM statute.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court insofar as it sustained the motion for summary judgment of Fireman's Insurance Company of Newark, New Jersey; overrule the motion for summary judgment; and remand the case to the district court for further proceedings consistent with this opinion. Cost of this appeal is assessed to Fireman's Insurance Company of Newark, New Jersey.